IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JULIUS LUCAS, JR. AND
CRYSTAL P. LUCAS                                                            PLAINTIFFS

V.                                                   CIVIL ACTION NO. 4:22cv110-DMB-JMV

WDS FARM EQUIPMENT, LLC. AND
MARK HOUGH, SALES MANAGER                                                   DEFENDANTS

## COMPLAINT

### I. Introduction

1. Plaintiffs bring this civil action for breach of contract, fraud, deceit and misrepresentation based on the defendants' actions, conduct, fraudulent representations and misrepresentations arising out of an online internet purchase of a Bobcat Excavator on November 8, 2021, in the purchase amount of $33,600.00.

2. On November 8, 2021, plaintiff Julius Lucas, Jr. contacted WDS Farm Equipment in Boise, Idaho using the internet to purchase a Bob Cat E55 excavator that was advertised on defendants' website for sale for $33,600.00.

### II. Parties

A.  The Plaintiffs Are Citizens Of The State Of Mississippi

2. The plaintiffs are husband and wife and are adult resident citizens of the State of Mississippi residing in the Northern District of Mississippi, in Bolivar County, Mississippi.

B.  The Defendant WDS Equipment, LLC. Is A Limited

1

Liability Company Organized Under The Laws Of The
State Of Idaho

3. According to the Idaho Franchise Tax Public Information Report dated May 17, 2022, Woodruff D. Smith is the sole member of WDS Farm Equipment, LLC (WDS) and at the time of the filing plaintiffs' Complaint is a citizen of Idaho and no other state. WDS is a limited liability company organized and existing under the laws of the State of Idaho with its principal place of business in the State of Idaho. For the purposes of 28 U.S.C. Section 1332(a), a limited liability company is deemed to be a citizen of every state in which one of its members is a citizen. BouMatic, LLC v. Idento Operations, BV, 759 F.3d 790, 791 (7th Cir. 2014). WDS may be served with service of process of this Court through its registered agent for process Hal Bennett, 2050 North Haroldsen Drive, Idhao Falls, ID 83401. A copy of the Idaho Franchise Tax Public Information Report from the Idaho Secretary of State's website is attached hereto and incorporated herein as Exhibit 1.

4. Defendant WDS is a limited liability company located in Idaho Falls, Idaho. Defendant WDS may be served with process of this Court by and through its registered agent for service of process Hal Bennett located at 2050 North Haroldsen Drive, Idhao Falls, ID 83401.

5. Pursuant to 28 U.S.C. Section 1332(a), there is complete diversity of citizenship between the parties, since WDS is a sole member limited liability company organized and existing under Idaho law, with its principal place of business located at 2050 North Haroldsen Drive, Idhao Falls, ID 83401.

6. The plaintiffs, Julius Lucas, Jr. and his wife Crystal P. Lucas are citizens of the State of Mississippi and not a citizen of any other state.

7. For the Court to exercise diversity jurisdiction under 28 U.S.C. Section 1332(a), complete diversity of citizenship must exist between the parties. Complete diversity "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." Vaillancourt v. PNC Bank, Nat. Ass'n, 771 F.3d 843, 847 (5th Cir. 2014). In this civil action, complete diversity exists between the parties because plaintiffs Julius Lucas, Jr. and Crystal P. Lucas are citizens of the State of Mississippi. According to the Idaho Secretary of State Annual Report filed on May 17, 2022, WDS is a sole member limited liability company organized and existing under the laws of the State of Idaho and is a citizen of Idaho, for citizenship and diversity purposes.

8. The amount of the damages sought by the plaintiff in this controversy exceeds the jurisdictional threshold of $75,000, exclusive of interest and costs.

### III. Jurisdiction

9. The Court has subject matter jurisdiction pursuant to 28 U.S.C. Section 1332(a), as there is complete diversity jurisdiction of citizens of different states and this civil action seeks actual damages, punitive damages, attorney's fees and the costs of this suit, in excess of $75,000.

10. 28 Section 1332(a) of the United States Code provides that:

(a) the District Court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and between

(1) citizens of different States . . .

28 U.S.C. Section 1332(a). Both the diversity of citizenship and the amount in controversy requirements are met in this civil action.

## IV. Venue

11. Pursuant to 28 U.S.C. Section 1391(b)(1) and/or (2), venue is proper in the Northern District of Mississippi as the named plaintiffs reside in Bolivar County, Mississippi and the money transferred from the named plaintiffs' bank account in Cleveland, Bolivar County, Mississippi in the Northern District of Mississippi and was wired to Chase Bank Account Number 729500667 in Twin Falls, Idaho and was deposited in WDS Farm Equipment LLC bank account.

## V. Factual Allegations

### A. The Online Internet Purchase Of The Bobcat E55

12. On November 8, 2021, Julius Lucas, Jr. (Mr. Lucas) used the internet to connect to WDS Farm Equipment's website to purchase an E55 Bobcat and left a message stating "Would someone call me please I want to buy this machine" and left his cell phone number 662-588-2654.

13. On November 8, 2021, at 11:25:01 AM CST, Sales WDS Farm Equipment responded to Mr. Lucas' internet inquiry and stated"Thank you for your inquiry and interest in our machines. The 2016 BOBCAT E55 that you are interested in is selling at the price of $31, 900.00. The machine has been verified and serviced by our authorized mechanics and is in perfect working condition, all necessary documents are available." The unit is ready to go

4

straight to work. We offer a 14 days NO-QUESTIONS-ASKED RETURN & REFUND POLICY. In the event of return and refund, WDS Farm Equipment LLC is responsible for all shipping back, handling and freight charges. For purchasing multiple items you will receive a 7% discount from the total purchase price without shipping. NOTE: we are located in American Fall, ID and we provide shipping through our own Logistic Division to all our customers. We can offer the cheapest prices for shipping without compromising on the quality of service."

  14. On November 8, 2021, at 12:02:49 PM CST, Sales WDS Equipment forwarded an email to Mr. Lucas stating " To start the sale process we'll need the following details: - Buyer's Full Name - Buyer's Full Address - Delivery Address - Buyer's Phone Number. After that we'll send you the bill of sale and payment invoice. The machine will be delivered to your address. The payment must be submitted by a legit bank to bank wire transfer to our bank account and the shipping will start only after your payment is successfully received and verified. You will also have access to a refund policy on this transaction. Money Back Guarantee - Every piece of equipment sold is backed by WDS Farm Equipment, LLC and Buyer Protection. Please read below to find out about these programs and how you are protected. The WDS Farm Equipment, LLC 100% Guarantee enables Buyer to return an item for a FULL REFUND of the ITEM PURCHASE PRICE if the item was not accurately described, represented or if there are any issues with it. Because we are so confident that you will love and benefit from using our machinery, we offer a 14 days NO-QUESTIONS-ASKED RETURN & REFUND POLICY. In the event of return and refund, WDS Farm Equipment LLC

is responsible for all shipping back, handling and freight charges."

15. On November 8, 2021, at 12:36:36 PM CST, Sales WDS Equipment forwarded an email to Mr. Lucas stating "The shipping cost to 1239 McKnight Road Cleveland, Mississippi 38732 will be $1,700.00."

16. On Monday, November 8, 2021, at 1:39 PM, Sales WDS Equipment wrote Mr. Lucas stating "We've received all the information needed to proceed with the sale, we'll email you the paperwork soon."

17. On November 8, 2021, at 1:48:10 PM CST, Sales WDS Equipment forwarded an email to Mr. Lucas stating "We've attached here the Bill of Sale and Payment Invoice #11087219. Please let us know after your receive them, we'll need your Fax Number if you want us to fax them to you."

18. By email dated November 8, 2021, at 2:45:26 CST, Sales WDS Equipment forwarded an email to Mr. Lucas to inform him "It [the Bobcat excavator] should be delivered if 4-5 days."

19. On November 9, 2021, at 12:45:30 PM CST, Sales WDS Equipment, forwarded an email to Mr. Lucas stating "This email has been sent to let you know that we have received your wire transfer receipt, we will update your transaction status as soon as the payment is confirmed by our bank."

20. By email dated November 23, 2021, at 9:17 AM CST, Sales WDS Equipment forwarded an email to Mr. Lucas stating "Yes, that is correct, you'll get shipping fees back for this delay."

21. On November 30, 2021, at 10:28:47 AM CST, Sales at WDS Equipment forwarded an email to Mr. Lucas stating "Your new ETA will be on 12/07/2021 between 2 PM to 4 PM[.] if it's too late for you we'll cancel the sale and give you a full refund. We apologize for the inconvenience created."

22. On November 30, 2021, at 11:04:36 AM CST, Sales at WDS Equipment forwarded an email to Mr. Lucas stating "Ok, it will be delivered on 12/07/2021."

23. On November 30, 2021 at 12:06:32 PM CST, Sales at WDS Equipment forwarded an email to Mr. Lucas stating "Yes, we'll refund you the shipping fees."

24. After WDS and its Sales Manager Mark Hough received plaintiffs' $33,600.00 payment via electronic wire transfer from their bank in Cleveland, Mississippi, WDS failed to ship the 2016 Bobcat model E55 excavator to plaintiffs' address in Bolivar County, Northern District of Mississippi.

25. As a direct and proximate result of defendants' fraudulent and dishonest acts, misrepresentations and omissions, plaintiffs have suffered mental anguish, economic losses and other damages that they are legally entitled to recover under Mississippi law including compensatory damages and interest on the #33,600.00 and $500,000.00 in punitive damages for defendants' wilful and fraudulent actions and conduct.

VI. First Cause of Action: Breach Of Contract

26. Plaintiffs incorporate by reference all preceding paragraphs, as if fully set forth herein.

27. In Mississippi, claims for fraud and breach of contract are governed by the three(3)

7

year statute of limitations set forth in Miss. Code Ann. Section 15-1-49 (Rev.1989).

28. A breach of contract claim is subject to the general three (3) year statute of limitations set forth in Miss. Code Ann. Section 15-1-49(1) (Rev. 1989) and accrue when plaintiffs discover, or by reasonable diligence should have discovered, the injury. Miss. Code Ann. Section 15-1-49(2) (Rev. 1989).

### VIII. Second Cause Of Action: Fraud And Fraudulent Misrepresentations

29. The averments of the foregoing paragraphs are incorporated herein as if set forth at length below.

30. Pursuant to Miss. Code Ann. Section 11-1-65 (Rev. 1990), punitive damages are warranted in the case at hand because defendants acted with such gross negligence that indicated a willful, wanton, and/or reckless disregard for the plaintiffs' legal and contractual rights. Defendants' actions, conduct, gross negligence and fraud proximately caused and/or contributed to the plaintiffs' injuries and damages, including economic and non-economic damages pursuant to Miss. Code Ann. Section 11-1-65 (Rev. 2004).

31. At all times relevant hereto, defendants' actions and conduct were outrageous, egregious and offensive character and so offensive to community standards as to subject the defendants to punitive damages.

32. Defendants' actions and conduct constitute and arise to actual fraud and are fraudulent misrepresentations and in violation of and contrary to the laws of Mississippi.

PRAYER FOR RELIEF

WHEREFORE, plaintiffs seek a judgment jointly and severally against defendants as follows:

1. Economic and non-economic damages in an amount in excess of $33,700.00 dollars to be supported by the evidence, after discovery and at trial;

2. For pre-judgment interest on the liquidated $33,600.00 as a liquidated amount pursuant to Miss. Code Ann. Section 75-17-1 and 75-17-7(Rev. 1989);

3. For compensatory damages according to proof;

4. For punitive damages in the amount of $500,000.00 against both defendants;

5. For judgment that defendants are liable to plaintiffs for monetary damages and losses caused by their breach of contract, fraud and misrepresentations;

6. For an award of attorneys' fees and costs; and

7. For such other and further relief as this Court may deem just and proper.

DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury as to all claims in this action.

SO COMPLAINED this the 19th day of July, 2022.

        Respectfully submitted,
        Julius Lucas, Jr. and Crystal P. Lucas, Plaintiffs

    By:   s/Ellis Turnage
        ELLIS TURNAGE, Attorney for Plaintiffs

OF COUNSEL:

ELLIS TURNAGE, MSB # 8131
TURNAGE LAW OFFICE
Post Office Box 216
108 North Pearman Avenue
Cleveland, Mississippi 38732
Tel: (662) 843-2811
Fax: (662) 843-6133
eturnage@etlawms.com